UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANDGREN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:23-cv-01347-CDB (SS)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT<br><br>(Docs. 1, 2)<br><br>THIRTY (30) DAY DEADLINE |

　　　　On September 12, 2023, Plaintiff Andrew Landgren ("Plaintiff"), proceeding pro se, filed the complaint in this action. (Doc. 1). Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). While Plaintiff's application demonstrates that he may be financially eligible to proceed without prepayment of fees in this action, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e) and finds that Plaintiff's complain fails to state a claim. Accordingly, the Court will order Plaintiff to file a first amended complaint before proceeding in this action without the prepayment of fees.

**I.　Proceeding in forma pauperis**

　　　　The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses

1

(and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court has reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

## II.  Screening Requirement

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.   Pleading Standards

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678.  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id*.  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV. Discussion and Analysis

The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*.  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

In addition, courts within the Ninth Circuit have set forth the following basic requirements that are necessary to survive a screening under Section 1915(e):

> First, the plaintiff must establish that he has exhausted [his] administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims [he] became disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Mercado v. Kijakazi*, No. 22-CV-01713 (NLS), 2023 WL 2336909, at *1 (S.D. Cal. Mar. 2, 2023) (quoting *Montoya v. Colvin*, No. 2:16-CV-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (alterations added)); *Graves v. Colvin*, No. 2:15-CV-106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015).

3

Plaintiff's complaint is comprised of a stock form document that provides empty spaces to be filled in. Plaintiff has left the majority of the prompts in the complaint blank, corresponding to essential information that the Court must consider in deciding whether it has jurisdiction over this action.

For instance, the form asks Plaintiff: "When did you receive notice that the Commissioner's decision was final?" (Doc. 1 p. 3). Plaintiff is required to establish that he exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g) and that he timely filed this action within 60 days after the notice of a final decision. Without this information, the Court is unable to determine jurisdiction.

The form also prompts Plaintiff to provide the basis of the Commissioner's error. *Id*. at 2. Plaintiff also failed to respond to that form prompt. By omitting the requested information, the Court is unable to identify the nature of Plaintiff's disagreement with the Commissioner and, thus, is unable to ascertain jurisdiction. A complaint that merely states that the Commissioner's decision was wrong is insufficient to satisfy the pleading requirement. *See, e.g., Cribbet v. Comm'r of Soc. Sec.*, No. 1:12-CV-01442-BAM, 2012 WL 5308044, at *3 (E.D. Cal. Oct. 29, 2012). The complaint must establish a minimal factual basis for Plaintiff's claims such that the Court may discern the nature and extent of Plaintiff's disability and why relief should be granted. *Id*.

Finally, the complaint should have an attached copy of the Commissioner's final decision as well as a copy of the notice Plaintiff received when his appeal was denied by the Social Security Appeals counsel.

**V.    Conclusion**

For the forgoing reasons, the Court DIRECTS plaintiff to file an amended complaint within 30 days of this order that cures the deficiencies identified above. The Court shall hold Plaintiff's motion to proceed *in forma pauperis* in abeyance until Plaintiff timely files an amended complaint.

**Failure to timely comply with the Court's directions may result in a recommendation that this action be dismissed**.

IT IS SO ORDERED.

Dated:   **September 13, 2023**

UNITED STATES MAGISTRATE JUDGE