UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANDGREN,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | Case No. 1:23-cv-01347-CDB (SS)<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING CLERK OF COURT TO ISSUE SUMMONS, SCHEDULING ORDER, AND CONSENT OR REQUEST FOR REASSIGNMENT DOCUMENTS<br><br>(Docs. 1 ,2, 4) |

   Plaintiff Andrew Landgren ("Plaintiff"), proceeding pro se, filed a complaint in this action on September 12, 2023. (Doc. 1). Plaintiff filed a Motion to Proceed in Forma Pauperis on the same day. (Doc. 2). On September 13, 2023, the Court issued an order identifying a series of deficiencies in Plaintiff's complaint and directed him to file a first amended complaint ("FAC") remedying those deficiencies.

   Plaintiff filed his FAC on October 5, 2023, in which he seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (Doc. 4). For the following reasons, the Court finds issuance of the new case documents and granting Plaintiff's application to proceed *in forma pauperis* appropriate.

**I.    Proceeding *in forma pauperis*** 

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assts such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Court has reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied.

**II.   Screening Requirement**

When a party seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss the complaint, or portion thereof, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(b) & (e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.  Pleading Standards**

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). As set forth by the Supreme Court, Rule 8:

> … does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2 266, 268 (9th Cir. 1982). The *Iqbal* Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678. When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id*. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. Discussion and Analysis

The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business…The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id*. Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Plaintiff seeks to appeal the final administrative decision denying an application for benefits. (Doc. 4). Plaintiff resides in Chowchilla, Madera County, California. (Doc. 4 p. 1). Thus, the Court has jurisdiction over this action.

Plaintiff reports that he received a notice from the Appeals Council ("the Notice") on April 3, 2023. *Id* at 3. The Notice informed Plaintiff that he had 60 days (plus five) within his receipt of the Notice to file a civil action. (Doc. 4 p. 8); 42 U.S.C. § 405(g). In addition, the Notice informed Plaintiff that he could seek an extension to file a civil action if he had a good reason by mailing a written request to the Appeals Council. *Id*.

Plaintiff filed this action on September 12, 2023, which is over 65 days after the date that he received the Notice from the Appeals Council (April 3, 2023). Therefore, Plaintiff's claim is untimely unless tolling of the statute of limitations is applicable. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (citing *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."))

However, the Court will not dismiss Plaintiff's appeal as untimely since it is unclear whether Defendant has waived its right to a defense of untimeliness. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993) ("[A] district court may *sua sponte* dismiss a complaint as untimely so long as the defendant has not waived the defense.") *see also, Allen v. Berryhill*, No. 1:17-cv-00239-DAD-JDP, 2019 WL 121206, at *2 (E.D. Cal. Jan. 7, 2019) (withdrawing findings and recommendations to dismiss a case after Commissioner explicitly waived the statute-of-limitations defense); *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) ("The requirement that a claimant appeal an adverse decision within 60 days is not jurisdictional. It is waivable by the Secretary or the courts") (citations omitted).

**V. Conclusion and Order**

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits. ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED. The Clerk of Court is directed to issue the following: 1) a Summons; 2) the Scheduling Order; 3) the Order re Consent or Request for Reassignment; and 4) a Consent to Assignment or Request for Reassignment form.

IT IS SO ORDERED.

Dated: **October 6, 2023**                             _____
                                                                        UNITED STATES MAGISTRATE JUDGE