UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANDGREN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:23-cv-01347-CDB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>(Docs. 7, 11)<br><br>**14-DAY DEADLINE** |

Andrew Landgren ("Plaintiff"), appearing pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act. (Docs. 1, 4).

On October 6, 2023, the Court issued a scheduling order setting forth the parties' briefing deadlines. (Doc. 7). Further, the Court notified the parties "[v]iolations of this [scheduling] order or of the federal rules of procedure or the Local Rules may result in sanctions pursuant to Local Rule 110." *Id*. at 3.

On December 4, 2023, the Commissioner, complying with the Court's scheduling order, timely lodged a copy of the administrative record. (Doc. 11).

Notwithstanding that the Court directed Plaintiff to file a motion for summary judgment within 30 days of the Commissioner's filing of the administrative record (Doc. 7 at 2), as of the date of this Order, Plaintiff has not filed a motion for summary judgment and the time to do so

has long passed.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for failure to comply with the Court's orders.

**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's orders.**

IT IS SO ORDERED.

Dated:   **May 7, 2025**                              _____
                                                      UNITED STATES MAGISTRATE JUDGE