UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANDGREN,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 1:23-cv-01347-CDB<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND OBEY A COURT ORDER<br><br>(Doc. 14) |

**Background**

Andrew Landgren ("Plaintiff"), appearing pro se and *in forma pauperis*, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act. (Docs. 1, 4).

On October 6, 2023, the Court issued a scheduling order setting forth the parties' briefing deadlines. (Doc. 7). Further, the Court notified the parties "[v]iolations of this [scheduling] order or of the federal rules of procedure or the Local Rules may result in sanctions pursuant to Local Rule 110." *Id.* at 3. On December 4, 2023, the Commissioner, complying with the Court's scheduling order, timely lodged a copy of the administrative record. (Doc. 11).

Plaintiff had 30 days from the lodging of the record within which to file a motion for summary judgment. (Doc. 7 at 2). Plaintiff did not file the motion or otherwise explain to the Court the delinquency. Accordingly, on May 8, 2025, the Court ordered Plaintiff to show cause why this action

1

1  should not be dismissed for failure to comply with the Court's orders. (Doc. 14). The order was served
2  by mail on Plaintiff (*see* docket entry dated May 22, 2025).

3      The Court's show cause order served upon Plaintiff was returned undeliverable on May 22, 2025.
4  Thereafter, the Clerk of the Court re-served the order to show cause on Plaintiff's forwarding address
5  identified in the returned filing (*see* docket entry dated May 22, 2025). The re-served order was not
6  returned undeliverable.

7      Notwithstanding the passage of more than 21 days (plus three additional days pursuant to Fed.
8  R. Civ. P. 6(d)) since the Clerk of the Court re-served the order to show cause, Plaintiff has failed to file
9  a response and the time to do so has passed. For the reasons given below, the Court will dismiss this
10 action without prejudice.

11 **<u>Governing Legal Standards</u>**

12     Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure
13 of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for
14 imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal.
15 L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power,
16 impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*,
17 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute
18 an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258,
19 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint);
20 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply
21 with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
22 prosecute and to comply with local rules).

23     "In determining whether to dismiss an action for lack of prosecution, the district court is required
24 to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
25 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
26 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*,
27 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors
28 guide a court in deciding what to do and are not conditions that must be met in order for a court to take

action.  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff has failed to comply with the Court's orders.  Plaintiff failed to file an opening brief as required and failed to respond to the Court's order to show cause why the action should not be dismissed for Plaintiff's failure to comply with the Court's orders.  There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders, particularly as Plaintiff is pro se.  Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  This matter cannot proceed further without Plaintiff's participation in filing his motion for summary judgment.  The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action.  Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *In re PPA*, 460 F.3d at 1228.  Plaintiff has not moved this case forward toward disposition on the merits.  He has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and is thus impeding the progress of this action.  Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal.  *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262.  Here, the Court's scheduling order directed Plaintiff to timely file an opening brief and set forth that violations of the scheduling order "may result in sanctions pursuant to Local Rule 110." (Doc. 7 at 3).  Further,

the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and failure to obey the Court's orders.**"  (Doc. 14 at 2) (emphasis original); *see* Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order."); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").  Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute his case, the Court will dismiss this action without prejudice.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. This action is DISMISSED without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's order.
2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **June 17, 2025**                              _____
                                                        UNITED STATES MAGISTRATE JUDGE